

Alexia Morrison, Joseph Goldstein, William Donnelly, Thomas Karol, S.E.C., Washington, D.C., for petitioner.

Philip A. Lacovara, Geoffrey P. Aronow, William L. Webber, Hughes, Hubbard & Reed, Washington, D.C., and John S. Martin, Jr., Catherine Samuels, Schulte, Roth & Zabel, New York City, for respondents.

---

## SECURITIES AND EXCHANGE COMMISSION, Petitioner,

v.

## David P. WHITMAN and Lowell R. Allen, Respondents.

### Misc. No. 85–0083.

United States District Court, District of Columbia.

Sept. 11, 1985.

ON MOTION FOR RECONSIDERATION

JOYCE HENS GREEN, District Judge.

Before the Court is the motion of petitioner Securities and Exchange Commission ("SEC"), pursuant to Federal Rule of Civil Procedure 59(e), for reconsideration of the April 15, 1985 Order in this case. Both petitioner's motion and respondents' opposition thereto have been fully reviewed in light of the standards for relief under Rule 59(e). *See Grumman Aircraft Eng'g Corp. v. Renegotiation Bd.*, 482 F.2d 710, 721 (D.C.Cir.1973), *rev'd on other grounds*, 421 U.S. 168, 95 S.Ct. 1491, 44 L.Ed.2d 57 (1975); *Murnane v. American Airlines, Inc.*, 482 F.Supp. 135, 152 (D.D.C.1979), *aff'd*, 667 F.2d 98 (D.C.Cir.1981), *cert. denied*, 456 U.S. 915, 102 S.Ct. 1770, 72 L.Ed.2d 174 (1982).[1]

Respondents in this matter have been called to testify as witnesses before the SEC in connection with a private investigation. The Order of April 15, 1985 held only that the SEC may not refuse to permit the presence of a nonlawyer technical adviser to respondents' counsel during the actual taking of testimony in those investigative proceedings. Petitioner now advocates reconsideration of that Order on the ground

---

1. Having acquiesced to petitioner's request for an enlargement of time to brief its motion, respondents cannot seriously contend that the motion is untimely due to the delayed filing of petitioner's memorandum of points and authorities.

that the Court improperly substituted its own preference in place of a rationally-based agency policy.

To the extent that the claimed "rational basis" of the policy set aside by this Court derived from the agency vision of the contours of the APA–based right to counsel in compulsory investigative proceedings, *see SEC v. Csapo*, 533 F.2d 7 (D.C.Cir.1976), petitioner's present arguments (at Part II–C of its memorandum) simply restate those previously voiced and rejected. The resurrected predictions of a tide of abusive tactics by counsel find only very weak support in the record; the SEC's misplaced linkage between this matter and *United States v. Paul Thayer and Billy Bob Harris*, Criminal No. 85–0066 (D.D.C. Mar. 4, 1985), a case involving criminal obstruction of justice, is curious at best.

The litany of proffered reasons why the April 15, 1985 Order is "unworkable", *see* petitioner's memorandum at Part III, was carefully weighed in the Court's original decision, as the language of the Order will attest. The blanket exclusion advocated by petitioner would of course be easier to adminster, but at the cost of a meaningful right to counsel in this case. Conversely, a limitless right to nonlawyer extensions of counsel in agency proceedings—which this Court did *not* proclaim—could well cause the chaos petitioner foresees. The Order of April 15, 1985 was designed to strike a balance between extremes.

Finally, petitioner's objections to the particular individual selected to advise counsel in this case—another partner in the accounting firm which links respondents to this investigation [2]—do not support the exclusion of that adviser from the agency proceedings. Petitioner specifically declines to allege misconduct on the part of either counsel or the adviser. *See* petitioner's memorandum at 16. Furthermore, the same adviser could be stationed and available for consultation just outside the room where the proceedings take place, even under past agency practice. Moving him in-

side the door will not measurably increase potential conflicts of interest such that he should be barred from the room.

For the foregoing reasons, and upon careful review of the Order of April 15, 1985, it is by the Court this 10th day of September, 1985.

ORDERED that the Order of April 15, 1985 will be neither vacated nor changed in any way and petitioner's motion is accordingly denied.

2. As a partner and employee of the accounting firm, respondents were responsible for auditing

the corporation now under investigation. *See* April 15, 1985 Order at 1.